In an action to recover damages sustained through the death of the plaintiff’s intestate, judgment for defendant, dismissing the complaint at the end of plaintiff’s case, reversed upon the law and a new trial granted, with costs to appellant to abide the event. Having been nonsuited, the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence, as well as every reasonable inference that may he drawn therefrom. (McLean v. Triboro Coach Corp., 275 App. Div. 844.) In a death action the plaintiff is not held to as high a degree of proof of a cause of action as an injured plaintiff who can describe the occurrence. (Trimble v. City of New York, 275 App. Div. 169, leave to appeal denied, 299 N. Y. 800.) It was for the jury to say whether at the time of the explosion defendant’s employees were engaged in an operation which caused the gasoline vapor to ignite, and whether the defendant was guilty of negligence by reason of the performance of such work at the time the deceased was in the tank. The question of contributory negligence was also for the jury. It was error to refuse to permit plaintiff to interrogate her expert as to whether gasoline vapor would ignite without some source of ignition. Plaintiff, however, was not entitled to go to the jury on the theory that the rule of res ipsa loquitur was applicable. In her complaint and bill of particulars, she charged the defendant with specific acts of negligence which by her proof she sought to establish. (Goodheart v. American Airlines, Inc., 252 App. Div. 660, 254 App. Div. 566.) Nolan, P. J., Carswell, Adel, Sneed and MaeCrate, JJ., concur.